## Wheeling.

ZOLL & DUNSMORE *vs.* LEWIS CAMPBELL, *et al.*

January Term, 1869.

1. If it be necessary to enable a defendant in a suit at law to get at the justice of his case, to file a bill of discovery, such bill must be filed while the case at law is pending, or some very good reason should be assigned, in a subsequent bill of discovery asking the judgment at law in the case to be enjoined, why the bill was not filed pending the suit at law.

2. Where there is nothing charged in a bill of discovery, which also asks an injunction to a judgment at law, to entitle the complainant to an injunction, there is no error in dissolving the injunction without the answer of the party from whom the discovery is sought.

This cause arose in Monroe county. The injunction was awarded in December, 1860, to a judgment obtained in September of the same year. The injunction was dissolved in November, 1867. The bill of injunction alleged that the complainants, Zoll & Dunsmore, had leased of the defendant, Lewis Campbell, a certain tavern-stand, for the sum of 500 dollars, and had given their bond therefor; that Campbell had assigned the bond to defendant Ellis on the 21st day of June, 1858, (it was not due until January 1st, 1859,) and that they had no notice of the assignment for two months thereafter, and in the meantime paid Campbell 400 dollars on said bond; that Campbell subsequently purchased the complainant's interest in the lease, and had paid Ellis out of bonds due the tavern concern 149 dollars and 10 cents, which more than paid off the original bond of 500 dollars; and that Ellis had brought suit on bond against the orators, and they being unable to prove the offset of said 400 dollars, except by the acknowledgement of Campbell, had filed in

the suit at law interrogatories to Campbell, but were unable to have them served, as he had left the commonwealth, and they were forced to withdraw their defense, being advised that they had redress in a court of equity. They asked that Campbell be especially interrogated as to the correctness of the offsets claimed by them. Ellis answered, denying any knowledge of offsets and requiring proof of the same, and objecting to the jurisdiction of the court, claiming that if they had any such defense it should have been made in the suit at law, and alleging that the complainants had failed to show any excuse for not doing so; he also demurred to the bill. No answer was filed by Campbell.

The complainants appealed from the order dissolving the injunction.

*Wheat* and *Boggess* for the appellants.
*Sperry* for the appellees.

MAXWELL, J.   The appellants assign two causes of error in their petition, the first of which is "that because the bill of complainant filed by petitioners was also a bill for a discovery, and none of its material allegations were denied by the defendants, and should, therefore, have been considered by the court as proved. If there were sufficient grounds for granting the injunction, which cannot be doubted, the same should have been perpetuated upon the papers as presented to the court." If it could have been necessary for the appellants to have filed a bill of discovery to have enabled them to get at the justice of their case at law such bill should have been filed while the case at law was pending, or some very good reason should be assigned why it was not done. *Faulkner's administrator* vs. *Harwood*, 6 Rand., 125.   The bill was not filed while the suit at law was pending, nor is there any reason whatever assigned why it was not done.

The second ground assigned is that it was error to dissolve the injunction upon a bill of discovery until Campbell, who was especially cognizant of the complainant's

equities and from whom the discovery was especially required, had answered the complainant's bill.

There is nothing charged in the bill to entitle the complainants to file their bill of discovery, as before stated, and no ground whatever charged to sustain the injunction, so that there could be no error in dissolving the injunction without the answer of Campbell.

The decree or order complained of will have to be affirmed, with damages and costs to the appellees.

. The remaining judges concurred.

ORDER AFFIRMED.